962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Darnell JACKSON, Petitioner-Appellant,
v.
Gordon A. ABRAHAMSON, Respondent-Appellee
 No. 91-3071.
 United States Court of Appeals, Seventh Circuit.
 Argued March 31, 1992.
Decided May 12, 1992.
 
 Before RIPPLE and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Darnell Jackson appeals the district court's denial of his petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Jackson sought relief on the grounds that there was insufficient evidence to convict him of criminal damage to property, and that his Sixth Amendment right to effective assistance of counsel was violated because his attorney failed to move for a mistrial when the trial court revealed to the jury the nature of his prior conviction. The district court found no merit to either of Jackson's claims and denied his petition in a comprehensive, well-reasoned opinion and order. The district court's opinion and order is attached as appendix A to this order, and is AFFIRMED.
 
 APPENDIX A
 IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF WISCONSIN
 
 2
 DARNELL JACKSON, Petitioner,
 
 
 3
 v.
 
 
 4
 GORDON A. ABRAHAMSON, Respondent.
 
 91-C-100-C
 
 5
 Aug 13, 1991.
 
 OPINION and ORDER
 
 6
 This is a petition for a writ of habeas corpus. Petitioner, an inmate at Dodge Correctional Institution, Waupun, Wisconsin, contends that he is in custody in violation of the Constitution of the United States. 28 U.S.C. § 2254. Petitioner seeks relief on the grounds that there was insufficient evidence to convict him, and that his Sixth Amendment right to effective assistance of counsel was violated because his attorney failed to move for a mistrial when the trial court revealed to the jury the nature of petitioner's prior conviction.
 
 
 7
 Petitioner was convicted in the Circuit Court of Dane County on November 11, 1988 on two counts of criminal damage to property. He appealed his conviction and the denial of a post-conviction motion to the Wisconsin Court of Appeals, contending that his counsel was ineffective for failing to move for a mistrial, and that there was insufficient evidence to convict him. The court of appeals denied his appeal, and the Wisconsin supreme court denied his petition for review of that decision.
 
 
 8
 In his brief to this court accompanying his petition for a writ of habeas corpus, petitioner added new contentions about the ineffectiveness of his trial attorney. I have not addressed these additional contentions because they were not raised in the petition and have never been raised in state court. A federal court reviewing a habeas corpus petition may review only those claims that have been raised before the highest state court. 28 U.S.C. § 2254. State courts must be given a "fair opportunity" to analyze and resolve constitutional claims before those claims are collaterally reviewed in federal court. Anderson v. Harless, 459 U.S. 4, 6 (1982) (cited in Balfour v. Haws, 892 F.2d 556, 562-63 (7th Cir.1989)). With the exception of the claim that his counsel was ineffective for failing to move for a mistrial, petitioner did not present the state courts with his other claims of ineffective assistance of counsel. If petitioner had raised these unexhausted claims in his petition, it would have been necessary to dismiss the entire petition as containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 9
 From my review of the two claims properly before the court, I conclude that they have no merit. Petitioner's counsel's failure to move for a mistrial was not constitutionally ineffective assistance of counsel and the evidence presented at trial was sufficient to justify petitioner's conviction. Accordingly, petitioner's request for a writ of habeas corpus will be denied.
 
 
 10
 In habeas corpus actions, state court findings of fact are presumed correct unless upon consideration of the record as a whole, the federal court concludes that factual determinations are not "fairly supported" by the record. 28 U.S.C. § 2254(d)(8); Burns v. Clusen, 798 F.2d 931, 940 (7th Cir.1986). Petitioner does not suggest that any of the facts found by the court of appeals are not fairly supported. Those facts are paraphrased below. They are supplemented by an additional fact found from the record.
 
 FACTS FOUND BY STATE COURTS
 
 11
 Petitioner was convicted on two counts of criminal damage to property in violation of Wis.Stat. § 943.01(1), which provides: "Whoever intentionally causes damage to any physical property of another without the person's consent is guilty of a Class A misdemeanor."
 
 
 12
 Petitioner and Fectory Spears had an ongoing feud with Carl Williams and Craig Yarbrough. On the evening of June 15, 1988, petitioner and Spears drove to Williams's residence in Madison, where they saw in the parking lot two automobiles they believed had been driven earlier by Williams and Yarbrough. As it turned out, Williams owned the Buick Riviera, and Tedarial Edwards, Yarbrough's uncle, owned the Mercedes. Spears used a tire iron to smash four windows in the Mercedes, and to smash the windshield of the Buick Riviera. Petitioner used the tire iron to strike the Buick windshield again. Petitioner and Spears drove away from the scene. The police later stopped and arrested them. The police found two firearms in petitioner's car.
 
 
 13
 Petitioner was charged with three felonies (transport of a short barreled shotgun, felon in possession of a firearm, carrying a concealed weapon) and two misdemeanor counts of criminal damage to property.[1] Because petitioner had been convicted previously of a felony, he was charged as a repeater on each count. The jury acquitted petitioner on the weapons-related charges but convicted him of the misdemeanor property damage charges.
 
 
 14
 Petitioner appealed his conviction and the denial of his post-conviction motion on the grounds that insufficient evidence existed to support two of the elements of § 943.01(1), and that his counsel was ineffective for failing to move for a mistrial after the trial judge committed an error during jury selection.
 
 Ineffective Assistance of Counsel
 
 15
 Petitioner had been convicted in 1987 of armed robbery in Illinois. (The prosecution referred originally to this conviction as occurring in 1984, but later discovered that the 1984 conviction was vacated and a new conviction obtained in 1987.) This conviction was used as the basis for charging petitioner with the violation of Wis.Stat. § 941.29(1)(b), (2), felon in possession of a firearm. At the beginning of jury selection, the trial court informed the jury that petitioner had been convicted previously of the "felony crime of armed robbery ... in Cook County, Illinois, a crime which is in violation of § 941.29(2) of the criminal code of the state of Wisconsin."
 
 
 16
 The next day, the trial court granted petitioner's counsel's motion to refrain from further reference to the nature of petitioner's prior felony.
 
 
 17
 In denying petitioner's post-conviction challenge to his conviction, the trial court held that the reference to the nature of petitioner's prior conviction was harmless error.
 
 Insufficiency of the Evidence
 
 18
 The owners of the damaged vehicles did not testify at trial. Their identity was established through official records. Fectory Spears testified that neither he nor petitioner had permission from anyone to damage the cars. Petitioner testified that he did not have the permission of the owners of the cars, and that he was not certain who the owners were. He answered "Nope," to the question, "You didn't have permission from either owner of those vehicles to participate in the destruction of their vehicles, did you?"
 
 ADDITIONAL FACT FROM THE RECORD
 Ineffective Assistance of Counsel
 
 19
 Prior to the commencement of trial, petitioner agreed to stipulate to one prior felony conviction.
 
 OPINION
 I. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 20
 In order to establish a claim of ineffective assistance of counsel, a defendant must establish affirmatively that his attorney's performance was constitutionally deficient and that the deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668 (1984). See also Harris v. Reed, 894 F.2d 871, 877 (7th Cir.1990). Deficient performance is representation that falls below the level of reasonably effective assistance under all the circumstances and prevailing professional norms. Strickland, 466 U.S. at 687, 689. Prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. See also United States v. Phillips, 914 F.2d 835, 839 (7th Cir.1990); Kubat v. Thieret, 867 F.2d 351 (7th Cir.), cert. denied, 110 S.Ct. 206 (1989). In reviewing counsel's performance, a court must be deferential, presuming that the representation is in accord with sound trial strategy and falls within the "wide range of professional assistance." Strickland, 466 U.S. at 689; United States v. Simone, 931 F.2d 1186 (7th Cir.1991). In reviewing the possibility of prejudice, a court must consider the totality of the evidence put before the jury. Strickland, 466 U.S. at 694 (cited in Kimmelman v. Morrison, 477 U.S. 365 (1986)).
 
 
 21
 As the trial court recognized, it was error to refer to the specific nature of petitioner's previous conviction during jury selection because petitioner had stipulated to the fact of his conviction. The nature of the conviction was irrelevant: the crime of possession of a weapon by a felon requires proof of the fact of a prior felony conviction, but not of the type of felony. State v. McAllister, 153 Wis.2d 523, 529, 451 N.W.2d 764, 766-67 (Ct.App.1989) (reference to nature of prior felony conviction found to be error where defendant has stipulated to fact of conviction, although harmless in particular circumstances of case).
 
 
 22
 However, it is questionable whether one reference to the nature of the crime would warrant a mistrial. Counsel's failure to ask for one is not a sign of ineffective representation.[2] Counsel's awareness of the court's error, and of the need to take some action to mitigate its impact, was shown by his prompt (and successful) motion in limine to exclude further reference to the nature of petitioner's previous felony.
 
 
 23
 Relying on State v. Mulkovich, 73 Wis.2d 464, 243 N.W.2d 198 (1976), petitioner argues that there was no strategic reason for counsel to fail to move for a mistrial, because the court would have had to grant the motion had he done so. Petitioner's reliance on this case is misplaced. In Mulkovich, the Supreme Court of Wisconsin held that the court should have granted a motion for a mistrial after it informed the jury of allegations in the information that defendant was a repeat offender. In that case, it was prejudicial for the jury to hear evidence of the fact of the defendant's prior conviction because the prior conviction had no bearing on the crime charged against the defendant. In this case, however, the fact of petitioner's prior conviction is an element of the charge that the prosecution would have had to prove if petitioner had not stipulated to it. Thus, the rationale of Mulkovich does not apply. Moreover, the holding in Mulkovich that it was error for the court not to grant a requested mistrial does not imply that it was deficient conduct for petitioner's counsel not to request a mistrial in this case.
 
 
 24
 In short, the record does not indicate that petitioner's counsel's representation of his client fell below the constitutional threshold. Therefore, I need not address the question whether petitioner was prejudiced by his attorney's conduct. Strickland, 466 U.S. at 697; Kubat, 867 F.2d at 359.
 
 II. INSUFFICIENCY OF THE EVIDENCE
 
 25
 On a petition for federal habeas corpus review, a federal court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, recognizing that it is the duty of the trier of fact to weigh the evidence and to draw reasonable inferences from the evidence. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Willard v. Pearson, 823 F.2d 1141 (7th Cir.1987).
 
 
 26
 Petitioner contends that there was insufficient evidence to enable the jury to find proof of two of the necessary elements of criminal damage to property: that the defendant did not have the owner's consent to cause such damage, and that the defendant knew the property belonged to another and knew the other person did not consent to the damage.
 
 
 27
 Petitioner's own testimony established that he did not have permission from either owner of the vehicles to participate in the destruction of their vehicles. From this evidence, a rational trier of fact could infer that petitioner did not have consent of the owner of the vehicle to damage it, that petitioner was aware that the vehicle was not his, and that petitioner was aware that the owner had not allowed petitioner to damage it.
 
 
 28
 Petitioner contends that the prosecution had to do more: that it was required to prove the actual lack of consent of the owners of the vehicles, not just petitioner's understanding that he did not have the owners' permission to damage their cars, and to prove petitioner's knowledge of that lack of consent, and that petitioner was aware of the actual identity of the vehicle owners.
 
 
 29
 Dealing with the second proposition first, both the plain language of Wis.Stat. § 943.01 and the elements of the statute set out in the Wisconsin Jury Instructions indicate that a violation of the law occurs when someone damages the "property of another" without that person's consent, and is aware that such property belongs to "another." There is no requirement that the damager be able to state the owner's name or point him out to others.
 
 
 30
 Petitioner's other argument is that the state had an obligation to prove both that the owners of the cars did not consent to the damage by petitioner, and that petitioner was aware of this absence of consent. The short response to this argument is that both elements may be proven by circumstantial evidence. See State v. Poellinger, 153 Wis.2d 493, 451 N.W.2d 752 (1990) (finding of guilt may rest entirely upon circumstantial evidence); State v. Lund, 99 Wis.2d 152, 162, 298 N.W.2d 533 (1980) (holding circumstantial evidence sufficient to prove lack of consent element in Wis.Stat. § 943.20(1)(a)). In this case, the circumstantial evidence is sufficient to permit the jury to find both the lack of consent and petitioner's knowledge of the lack of consent. Petitioner's statements at trial established that he knew the vehicles were not his, and that he knew he did not have permission to damage the vehicles. He did not attempt to assert that he believed he did have consent. Accordingly, I conclude that there was sufficient evidence to allow the jury to find that petitioner was guilty beyond a reasonable doubt on every element of the crime with which he was charged.
 
 ORDER
 
 31
 IT IS ORDERED that petitioner's petition for a writ of habeas corpus is DENIED.
 
 
 32
 /s/BARBARA B. CRABB
 
 District Judge
 
 
 [1]
 Although the appeals court characterizes the possession of a concealed weapon as a felony, the complaint against petitioner indicates that he was charged with violating Wis.Stat. § 941.23 (carrying a concealed weapon), a Class A misdemeanor
 
 
 [2]
 It is questionable also whether federal habeas relief can be granted on the basis of an error by counsel that does not result in a violation of petitioner's constitutional rights. See Santos v. Kolb, 880 F.2d 941, 944-45 (7th Cir.1989), cert. denied, 110 S.Ct. 873 (1990) (in assessing adequacy of representation, question is not whether counsel erred, but whether error amounted to constitutional violation of defendant's rights). It is not necessary to reach this question in this case