37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lateef OYELADE, Defendant-Appellant.
 No. 93-3598.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.
Decided Oct. 18, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Lateef Oyelade, represented by retained counsel Jerry Kurz, pleaded guilty to conspiring to illegally import 1,500 grams of heroin in violation of 21 U.S.C. Sec. 952(a) and was sentenced to the mandatory minimum term of imprisonment of ten years. The district court appointed counsel Jon Cohen to pursue Oyelade's direct appeal. Cohen has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting this court to permit him to withdraw as the attorney for Oyelade. He raises two potentially appealable issues in his brief: whether Oyelade knowingly and voluntarily entered a guilty plea and whether defense counsel provided effective assistance during the plea negotiation process. Oyelade has responded to his attorney's motion pursuant to Circuit Rule 51(a). Because we are satisfied that appellate counsel engaged in a thorough search of the record and because we find that there are no nonfrivolous issues for appeal, we grant the motion to withdraw and dismiss the appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988); United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 2
 Pursuant to the plea agreement, Oyelade agreed to plead guilty to one count of a three-count indictment in exchange for the government's recommendation that he be sentenced within the applicable guideline range or the mandatory minimum sentence of 120 months, whichever was higher. In addition, in a separate statement attached to the plea agreement, the government agreed to move the court for a downward departure of no more than fifty percent of Oyelade's sentence within one year if Oyelade's assistance in an investigation led to the indictment of his co-conspirators. Fed.R.Crim.P. 35(b). Although Oyelade's guideline range was 87 to 108 months, the district court was bound by the statutory mandatory minimum and sentenced him to 120 months.
 
 
 3
 The plea hearing transcript demonstrates that the district court followed the procedures outlined in Federal Rule of Criminal Procedure 11 to ensure that Oyelade's guilty plea was knowingly and voluntarily given. Boykin v. Alabama, 395 U.S. 238 (1969). The court determined that Oyelade understood the nature of the charges brought against him, the factual basis for the plea, the mandatory minimum and maximum sentences which could be imposed, and the constitutional rights that would be waived by pleading guilty. Oyelade stated that he was not threatened nor coerced into pleading guilty.
 
 
 4
 Nonetheless, Oyelade now contends that his plea was entered under duress because his attorney would have charged him $10,000 to represent him at trial. The record of a properly conducted plea hearing is "entitled to a presumption of verity." United States v. Seybold, 979 F.2d 582, 587 (7th Cir.1992), cert. denied, 113 S.Ct. 2980 (1993) (quoting Key v. United States, 806 F.2d 133, 136 (7th Cir.1986). Voluntary responses made by the defendant under oath are binding. Id. Accordingly, we must presume that Oyelade would have mentioned his attorney's allegedly intimidating tactics to the district court at the hearing.[1] United States v. Ataya, 864 F.2d 1324, 1332-33 (7th Cir.1988). Instead, Oyelade stated that he was satisfied with his attorney's legal representation and that no one forced him to plead guilty. (Plea Tr. 10, 18). We would not set aside Oyelade's responses simply because he now self-servingly states that he was under duress. Based on this record, we are of the opinion that any challenge to the guilty plea would be frivolous. United States v. Garcia, No. 93-1730, slip op. at 15 (7th Cir. Sept. 14, 1994).
 
 
 5
 Oyelade also argues that he "threw away" his rights to a trial because of his attorney's poor representation during the plea negotiations. His claim, however, is purely speculative. To establish an ineffective assistance of counsel claim, Oyelade must demonstrate that his attorney's performance fell below an objective level of reasonableness and that he was prejudiced by his attorney's representation. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Oyelade contends that if he had gone to trial and been convicted of all three counts, the counts would have been grouped together at sentencing such that he would have been placed in the same guideline range, 87 to 108 months. U.S.S.G. Sec. 3D1.2. Thus, asserts Oyelade, his attorney did not negotiate a fair plea agreement since he would not have been worse off had he gone to trial, and he may have obtained an acquittal on some or all of the counts. Oyelade forgets that had he gone to trial, he would not have received a three-level reduction for acceptance of responsibility and could have been placed in a guideline range requiring a longer term of imprisonment than the mandatory minimum dictates. Oyelade received the mandatory minimum sentence and a promise by the U.S. Attorney's Office to move for a Rule 35(b) sentence reduction if his assistance led to the indictment of his co-conspirators. Consequently, Oyelade cannot argue that he was prejudiced by his attorney's allegedly poor negotiation skills. United States v. Springs, 988 F.2d 746, 749 (7th Cir.1993) (en banc); United States v. Fisher, 772 F.2d 371, 374 (7th Cir.1985) (no prejudice where counsel's failure to inform defendant of the possibility of entering a conditional plea did not result in defendant being worse off in terms of sentencing).
 
 
 6
 Furthermore, Oyelade's contention that defense counsel should have filed for a downward departure based on his alien status and deportability has no merit. The district court may impose a sentence below the statutory mandatory minimum only upon motion of the government. 18 U.S.C. Sec. 3553(e). Moreover, defense counsel has no duty to inform Oyelade that he might be deported as a result of his felony conviction. Santos v. Kolb, 880 F.2d 941, 945 (7th Cir.1989), cert. denied, 493 U.S. 1059 (1990).
 
 
 7
 Oyelade also argues that the U.S. Attorney's office breached the plea agreement by failing to move for a downward departure in return for his assistance pursuant to Rule 35(b). Although the government's refusal to file a Rule 35(b) motion does not ordinarily entitle a defendant to relief, Wade v. United States, 112 S.Ct. 1840, 1844 (1992), in this case, Oyelade alleges a breach of an explicit term of the plea agreement upon which he relied in entering his plea. Santobello v. New York, 404 U.S. 257, 262 (1971); Bischel v. United States, No. 93-3583, slip op. at 6-8 (7th Cir. Aug. 8, 1994). Nonetheless, because Oyelade must supplement the record with additional evidence to succeed on his claim, the issue is not properly before us on direct appeal. Mabry v. Johnson, 467 U.S. 504, 509 (1984) (government breach of express term in plea agreement cognizable in Sec. 2255 motion); Bischel, No. 93-3583, slip op. at 8.
 
 
 8
 Finally, Oyelade's sentencing does not raise an arguable basis for appeal. The district court granted Oyelade a three-level decrease in his base offense level for acceptance of responsibility, U.S.S.G. Sec. 3B1.1, and did not enhance Oyelade's sentence for his role as a leader and organizer of the offense as proposed by the U.S. Probation Office. Moreover, Oyelade received the shortest term of imprisonment the district court had the authority to impose.
 
 
 9
 We agree with appellate counsel that Oyelade's case presents no arguable issues for appeal. We GRANT Cohen's motion to withdraw and DISMISS Oyelade's appeal.
 
 
 
 [1]
 Prior to the sentencing hearing, Oyelade filed a complaint against Kurz with the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois. At the hearing, the court stated it would grant a continuance if Oyelade wished to retain another attorney. Oyelade replied that he would withdraw his complaint and wanted Kurz to continue to represent him. Oyelade chides appellate counsel for failing to refer to this complaint in the Anders brief. Yet, given Oyelade's responses at the sentencing hearing, the complaint does not raise an appealable issue