IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 22, 2005 Session

## SAMUEL PENDERGRASS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 246263     Rebecca J. Stern, Judge**

---

**No. E2004-02304-CCA-R3-PC - Filed July 26, 2005**

---

The Appellant, Samuel Pendergrass, appeals the Hamilton County Criminal Court's denial of his petition for post-conviction relief. On appeal, Pendergrass argues that his guilty pleas to four misdemeanor counts of passing worthless checks and one count of felony theft of property over $1,000 were not knowing and voluntary due to the ineffective assistance of counsel. After review, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Ruth H. DeLange, Chattanooga, Tennessee, for the Appellant, Samuel Pendergrass.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; and Boyd Patterson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural Background**

On September 9, 2003, the Appellant pled guilty to four misdemeanor counts of passing worthless checks and one count of theft of property over $1,000, a class D felony. Pursuant to the Appellant's plea agreement, the trial court sentenced him to an effective four-year sentence as a Range II offender. At the plea hearing, the State summarized the factual basis for the plea as follows:

First, the proof in this case would have been that the defendant went to the business location of J.W. Motor Company on Rossville Boulevard on the date alleged in the indictment. He had left a driver's license and test driven a Saturn away from

the business. The owner of the business became concerned when he did not return with the Saturn which was valued over a thousand dollars.

Eventually, the defendant was located at another car dealership trying to obtain a drive-out tag from a separate dealership on the vehicle.

Consequently, he was arrested and charged with theft of the Saturn. . . .

Additionally, the Appellant pled guilty to passing three worthless checks at Bi-Lo and one at Wal-Mart.

On September 25, 2003, the Appellant filed a *pro se* petition which he captioned as a writ of habeas corpus, alleging that he had been denied the effective assistance of counsel. Following the appointment of counsel, a petition for post-conviction relief was filed, and an evidentiary hearing was held on May 24, 2004, at which time the post-conviction court denied relief. This appeal followed.

## Analysis

The Appellant alleges that his guilty pleas were not knowing and voluntary due to the ineffective assistance of counsel. Specifically, he contends that trial counsel was deficient in failing to perform any investigation of the facts underlying the charges.

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. Tenn. Code Ann. § 40-30-110(f) (2003). To support a Sixth Amendment claim of ineffective assistance of counsel, the Appellant must establish that counsel's performance fell below the range of competence of attorneys demanded in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Id*. at 697, 104 S. Ct. at 2069. With a guilty plea, to satisfy the "prejudice" prong, the Appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Trial counsel testified that he was appointed to represent the Appellant ten days prior to the plea hearing. Although trial counsel had requested discovery, the State had not responded on the date the guilty pleas were entered. Counsel acknowledged that he did not visit the Appellant in the jail because it was his policy to obtain discovery first. Counsel's first contact with the Appellant was on the date the Appellant's pleas were entered. During this first and only encounter, the Appellant briefly related to trial counsel his version of the facts leading to the charges against him. The Appellant admitted that he had taken a car from J. W. Motors for a test drive and drove the car to another dealership where he talked with one of the employees. Trial counsel testified, "When I asked about what this man would testify to, [the Appellant] was very evasive with me and based upon that I thought he was guilty." Counsel related that he told the Appellant that if the person "is going to testify in a way that's bad for your case, I would recommend that you plea. If he is going to testify in a way that's good for your case, I would recommend that we go to trial. . . ." Following this conversation, trial counsel stated he advised the Appellant that he could "set the case off for thirty days" and "do a little investigative work." According to counsel, the Appellant rejected the proposal explaining "I want to get out of the county jail and go into the DOC." Trial counsel responded "there is one way to do that . . . plead guilty." Shortly thereafter, the Appellant entered guilty pleas to the charges as indicted.

The Appellant testified that his only conversation with trial counsel was "three or four minutes" in duration on the date his pleas were entered. After talking to counsel, the Appellant testified it was obvious to him that counsel was not interested in representing him, especially after learning of his prior criminal history; therefore, he believed he had no choice but to accept the plea offer. However, the Appellant also acknowledged that he "was in a hurry to get the case over with."

"A client's expressed intention to plead guilty does *not* relieve counsel of their duty to investigate possible defenses and advise the defendant so that he can make an informed decision." *Savino v. Murray*, 82 F.3d 593, 599 (4th Cir.), *cert denied*, 498 U.S. 882, 111 S. Ct. 229 (1996) (emphasis added); *see also Standards Relating to the Defense Function* § 4.1 (1971) ("[t]he duty to investigate exists regardless of the accused's . . . stated desire to plead guilty"). The long standing test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 168 (1970).

The record before us demonstrates that the Appellant was not provided a choice among alternative courses of action from which an informed decision could be made. Trial counsel never met with the Appellant prior to entry of the guilty pleas, and he conducted no investigation of the facts. Counsel, in the instant case, "provided perfunctory representation by appearing in court at [the Appellant's] side. Beyond that, he ignored his duty as [an] advocate." *Thomas v. Lockhart*, 738 F.2d 304, 308 (8th Cir. 1984). Our review leads us to the conclusion that trial counsel's investigation fell below the range of competence demanded of attorneys in criminal cases.

Nonetheless, in addition to requiring proof of deficient performance,

"the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370 (footnote omitted). A specific explanation of why the defendant alleges he would have gone to trial is required. *Key v. United States*, 806 F.2d 133, 138-39 (7th Cir. 1986).

*Santos v. Kolb*, 880 F.2d 941, 943 (7th Cir. 1989).

The Appellant's argument rests solely upon the claim of counsel's deficient performance. We are offered no explanation as to how a more thorough investigation would have resulted in the Appellant insisting upon a trial. Other than testifying in his own behalf, the Appellant presented no witnesses at the hearing; thus, no proof was introduced to establish that a more thorough investigation would have benefitted the Appellant or provided a possible defense. As such, the Appellant has failed to establish that he was prejudiced by counsel's ineffectiveness.

A defendant's plea of guilty constitutes an admission in open court that the defendant committed the acts charged in the indictment. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468 (1970). The plea, however, is more than an admission; it is the defendant's consent that judgment of conviction may be entered without a trial. *Id.*, 90 S. Ct. at 1469. A defendant's sworn responses to the litany of questions posed by the trial judge at the plea submission hearing represent more than simply lip service. Indeed, the defendant's sworn statements and admissions of guilt stand as a witness against the defendant at the post-conviction hearing when the defendant disavows those statements. Our review of the entire record, including the plea submission hearing, affirmatively demonstrates that the Appellant's guilty pleas were made with an awareness of the consequences of the pleas, and, as such, the guilty pleas were voluntarily and knowingly entered. *See State v. Mackey*, 553 S.W.2d 337, 340 (Tenn. 1977).

## CONCLUSION

The judgment of the Hamilton County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE