UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2006
Decided December 15, 2006

**Before**

Hon. WILLIAM J. BAUER , *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3929

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> FAWAZ MATAR, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 04-CR-107-2 <br><br> Harry D. Leinenweber, <br> *Judge.* |

## O R D E R

Fawaz Matar pleaded guilty, in a written plea agreement, to mail fraud, *see* 18 U.S.C. § 1341. The court calculated a guidelines imprisonment range at 4 to 10 months, and sentenced Matar to 3 years' probation, with some home detention, *see* U.S.S.G. § 5B1.1(a)(2). The court also ordered him to pay $2,305 in restitution. Matar filed a timely notice of appeal, but his counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's supporting brief is facially adequate, and we limit our review to the potential issues identified by counsel and Matar's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Matar has lived in the United States since 1997 and is married to a United States citizen with whom he has a son. He has applied for legal permanent residency. His guilty plea stems from his involvement in a scheme with several others to defraud an insurance company through the submission of auto accident and property damage claims totaling $48,305. Matar was nabbed through an FBI investigation of fraudulent staged car accidents, in which an FBI agent posed as a lawyer willing to help accident victims submit their claims to the insurance company.

We note at the outset that Matar in his Rule 51(b) response has expressed a desire to withdraw his guilty plea. He did not move to withdraw his plea in the district court, so our review would be for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). He contends that his plea was not knowing and voluntary because he disagrees with its factual basis and was unaware of its immigration consequences. However, the court conducted a plea colloquy to confirm that Matar's plea was knowing and voluntary. *See* Fed. R. Crim. P. 11. The court explained the charges, possible penalties, and the rights Matar would give up by pleading guilty. While we note that the court failed to mention Matar's right to plead not guilty, Fed R. Crim. P. 11(b)(1)(B), he was undoubtedly aware of this right since he already had pleaded not guilty and sought to change that plea. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002). The court also did not mention Matar's right to counsel, *see* Fed. R. Crim. P. 11(b)(1)(D), but the omission was harmless, since Matar was represented by counsel at the colloquy and does not claim that he would have done things differently had the judge informed him of the right, *see United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988). Given the circumstances of Matar's plea, challenging it as involuntary and unknowing would be frivolous.

In a related argument, Matar asserts that he disagrees with the factual basis for his plea. However, at the plea colloquy, the government recited the factual basis for the mail fraud charge—that Matar and others schemed to stage a car accident to claim damages from an insurance company and knowingly mailed false medical and property damage claims to the insurance company. At the colloquy, Matar also agreed under oath that the factual account was correct. His representations at the hearing are presumed truthful, *see United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004), and Matar has not rebutted the presumption. Further, both the plea agreement and plea colloquy provide a sufficient factual basis for mail fraud, *see* 18 U.S.C. § 1341.

Matar finally argues that his plea was unknowing and involuntary because he was not aware of the immigration consequences of his conviction. For a plea to be knowing and voluntary, the defendant must be informed of direct, not collateral, consequences of the plea, *see Dalton v. Battaglia*, 402 F.3d 729, 733 (7th Cir. 2005).

Immigration consequences are collateral. *See Santos v. Kolb*, 880 F.2d 941, 944 (7th Cir. 1989); *United States v. George*, 869 F.2d 333, 337 (7th Cir. 1989). Thus, the district court was not required to inform Matar of any immigration consequences of his plea.

Counsel next considers whether Matar could challenge the reasonableness of his sentence. We agree with counsel that such an argument would be frivolous. Matar's sentence falls within the properly calculated guidelines range and is therefore presumed reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court recently granted a writ of certiorari to consider whether according a presumption of reasonableness to within-guidelines sentences is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754), the resolution of that case would not affect our conclusion that a reasonableness challenge here would be frivolous. Not only did Matar agree in his plea agreement that he was subject to a sentence of 6 to 12 months' imprisonment (above the 4 to 10 month range the district court used), but the district court imposed a sentence of probation only—a sentence below the length of imprisonment recommended in the guidelines. Neither counsel nor Matar has identified any factors within 18 U.S.C. § 3553(a) that would compel a lower sentence.

Finally, to the extent Matar suggests that his trial counsel rendered ineffective assistance by failing to inform him of the immigration consequences of his plea, we have said that the possible immigration consequences of a guilty plea are collateral aspects of the prosecution not covered by the Sixth Amendment, and thus the failure to advise a defendant of such consequences does not amount to ineffective assistance. *See Santos*, 880 F.2d at 944. *See also Broomes v. Ashcroft*, 358 F.3d 1251, 1256-57 (10th Cir. 2004). We have also repeatedly said that claims of ineffective assistance of counsel are more properly raised through a collateral attack. *See, e.g., United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.