IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER SESSION, 1996

**FILED**

April 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **KELVIN A. TAYLOR**, | ) | No. 02C01-9512-CC-00387 |
| Appellant | ) | |
| | ) | WEAKLEY COUNTY |
| vs. | ) | |
| | ) | Hon. William B. Acree, Jr., Judge |
| **STATE OF TENNESSEE**, | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

## SEPARATE CONCURRING OPINION

I join with the majority in affirming the trial court's dismissal of the appellant's petition. As I read the majority's opinion, its holding, with respect to the appellant's allegation of ineffective assistance of counsel, rests upon the appellant's failure to establish the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). I agree. I write separately, however, to emphasize that this court's ruling should not be perceived as an endorsement of trial counsel's performance during the plea proceedings. Rather, I find that trial counsel's apparent failure to conduct any investigation of the appellant's case or render any advice to the appellant prior to the entry of his plea was not within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

The record clearly reflects that, prior to the appellant's entry of his guilty plea, trial counsel made no effort to familiarize himself in any way with the facts of the appellant's case. Additionally, at the post-conviction hearing, the appellant testified that his appointed counsel did not engage him in any discussion of his

case prior to the entry of his plea. The State's proof at the post-conviction hearing did not materially conflict with this testimony.[1]

At the post-conviction hearing, the Public Defender described his "policy position" relating to the entry of guilty pleas, a position that tends to confirm the appellant's allegation of ineffective assistance:

> (Post-Conviction Counsel)
> Q. Would it be important to interview potential alibi witnesses prior to making a plea bargain, or advising a client to plead guilty to a crime?
> (Public Defender)
> A. It would certainly be better to do that.
> (Post-Conviction Counsel)
> Q. Is it absolutely necessary?
> (Public Defender)
> A. Not if the client demands to plead guilty, not if he thinks, "Well, I've got a good plea offer here. I better take it and jump on it."

When an appellant alleges that he received the ineffective assistance of counsel during guilty plea proceedings, "the key ... is whether [counsel's] shortcomings resulted in an involuntary or unintelligent plea." Santos v. Kolb, 880 F.2d 941, 944 (7th Circ. 1989). Therefore, contrary to the Public Defender's "policy position," because a guilty plea is valid only if it represents a voluntary and knowing choice among alternatives, "a client's expressed intention to plead guilty does not relieve counsel of their duty to investigate possible defenses and to advise the defendant so that he can make an informed decision." Savino v. Murray, 82 F.3d 593, 599 (4th Cir.), cert. denied, _ U.S. _, 117 S.Ct. 1 (1996)(emphasis added). See also Standards Relating to the Defense Function § 4.1 (1971)("[t]he duty to investigate exists regardless of the accused's ... stated desire to plead guilty"). Counsel in the instant case "provided perfunctory representation by appearing in court at [the appellant's] side. Beyond that, he ignored his duty as [an] advocate." Thomas v. Lockhart, 738 F.2d 304, 308 (8th

---

[1]The record indicates that, prior to the hearing on September 30, 1994, the appellant failed to appear for one scheduled conference at the Public Defender's Office. The scope of an attorney's duty to investigate may be limited by a defendant's lack of cooperation. However, the record does not otherwise reflect any failure by the appellant to cooperate sufficient to forfeit his right, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 9 of the Tennessee Constitution, to the effective assistance of counsel.

Cir. 1984).

Nevertheless, although I find the question close, I agree that the appellant has failed to carry his burden of demonstrating a reasonable probability that, but for counsel's deficient performance, he would not have plead guilty and would have insisted upon proceeding to trial. Accordingly, I would affirm.

_____
DAVID G. HAYES, Judge