Hank JOHNSON, Petitioner,

v.

Hayden J. DEES, Warden, Dixon Correctional Institute, Respondent.

No. 78–8318.

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1978.

Hank Johnson, pro se.

William J. Guste, Jr., Atty. Gen. of Louisiana, C. D., New Orleans, La., Barbara B. Rutledge, Asst. Atty. Gen., New Orleans,

La., Brian G. Meissner, New Orleans, La., for respondent.

Before GEE, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Johnson appeals the denial of relief under 28 U.S.C. § 2254, claiming that his guilty plea to a Louisiana court was involuntary because he was not informed of one possible consequence of it. Though he was advised of the maximum sentence (20 years) and sentenced to eight, he was not advised that as a multiple, serious offender he might be denied time off for good behavior. Subsequent to the plea the state moved the court to deny him such credit, and the court so ordered.

Our opinion in *Moore v. Hinton*, 513 F.2d 781, 782 (1975), noted:

> Numerous cases establish that defendants need not be informed of such collateral consequences in order to voluntarily and intelligently plead guilty. In *Meaton v. United States*, 328 F.2d 379 (5th Cir. 1964) for example, this court rejected the contention that appellant should be allowed to withdraw his guilty plea to a mail fraud charge because he had not been informed that, as a convicted felon, he would automatically forfeit his rights to vote and to travel abroad. In *Waddy v. Davis*, 445 F.2d 1, 3 (5th Cir. 1971) this court held that appellants were not entitled, before pleading guilty to a crime of "moral turpitude," to be informed that if they did so plead, they would automatically be struck from the local voting rolls;

"[T]he loss of franchise is a result of the conviction, not the plea." *Cf. Trujillo v. United States*, 377 F.2d 266 (5th Cir. 1967) (defendant need not be informed, before pleading guilty, that he will not be eligible for parole under the mandatory sentence to be imposed). Courts have also held that defendants are not entitled to be informed that a likely consequence of a guilty plea is deportation, *United States v. Parrino*, 212 F.2d 919 (2nd Cir. 1954) or an undesirable discharge from the armed forces, *Redwine v. Zuckert*, 115 U.S.App.D.C. 130, 317 F.2d 336 (1963). We therefore likewise hold that a defendant need not be informed, before pleading guilty to a charge of driving while intoxicated, that as a collateral consequence of his conviction, his driver's license will be suspended.

We conclude, like the failure in *Trujillo*, supra, to inform a pleader that he will not be eligible for parole, the failure to inform Johnson that he could be denied "good time" concerned such a collateral consequence.[1]

AFFIRMED.

1. It is appropriate to dispose of this case summarily. See *Groendyke Transportation, Inc. v. Davis*, 5 Cir., 1969, 406 F.2d 1158.