**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond Lee TAYLOR, Defendant-Appellant.**

No. 78–5259

**Summary Calendar.*** 

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1978.

---

Thomas L. Farris, Fort Worth, Tex. (Court-appointed), for defendant-appellant.

Raymond Lee Taylor, pro se.

Kenneth J. Mighell, U. S. Atty., Gerhard E. Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

The defendant contends that the trial judge failed to comply with F.R.Cr.P.

---

11(d) because he did not personally address defendant and determine that his guilty plea was "voluntary." The judge asked defendant if his plea was made "of his own free will and accord." The choice of different words having the same meaning is of no consequence.[1]

The government's argument that alleged failure to comply with Rule 11 can be only raised by § 2255 is without merit. *See U. S. v. Coronado*, 554 F.2d 166 (CA5), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977).

AFFIRMED.

1. While we do not base our decision on it, the judge asked defense counsel if the plea was voluntary, and he responded that it was. By other questions addressed to defendant and answered by him, the judge established that defendant had been neither threatened, coerced, pressured, or extended promises, and that he was pleading guilty because he was guilty and for no other reason.