**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Americo Garza GARCIA, Defendant-Appellant.**

**No. 80–1609**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit. Unit A

Feb. 6, 1981.

Paul Andrews Mireles, San Antonio, Tex. (Court-appointed), for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Appellant Garcia pled guilty to one count of transporting illegal aliens. As a result of a plea agreement, three other counts were dropped. Garcia was sentenced to three years imprisonment. He now appeals to us, alleging two violations of Rule 11, Fed.R.Crim.P.—that the judge erroneously questioned him about his guilt and that the judge failed to inform him of the consequences of his plea.

Garcia's argument that the trial judge erred by referring to his actual guilt is frivolous. This court has more than once affirmed guilty pleas where a judge asked a defendant whether he was in fact guilty. *E. g., United States v. Caston*, 615 F.2d 1111, 1114 n.2 (5th Cir. 1980); *United States v. Taylor*, 583 F.2d 178, 179 n.1 (5th Cir. 1978), *cert. denied*, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92 (1979). Rule 11(c)(5), Fed.R.Crim.P., requires the trial judge to inform a defendant "that if he pleads guilty

... the court may ask him questions about the offense to which he has pleaded" and that his answers may be used against him in subsequent perjury proceedings. Further, Rule 11(f) mandates an inquiry into the factual basis for a plea. In the face of these requirements, the trial judge's admonition, "you shouldn't plead guilty to anything unless you believe yourself to be guilty," is certainly not error. The other statement alleged as error, "[i]f in fact you were found to be guilty of that offense," refers to possible consequences of the plea; it makes no reference to Garcia's guilt but only to his desire to plead guilty.

The two cases cited by Garcia are not persuasive. In *Friedman v. United States*, 200 F.2d 690, 696 (8th Cir. 1952), *cert. denied*, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357 (1953), the court held that the question of guilt or innocence was not involved in ruling on a motion to withdraw a guilty plea. In *United States v. Morin*, 265 F.2d 241, 245 (3d Cir. 1959), the court reiterated that the primary constitutional inquiry in accepting a guilty plea is the voluntariness of the plea. However, under the later adopted provision of Rule 11 it is mandatory that the court "satisfy it[self] that there is a factual basis for the plea." Rule 11(f). *See also* Rule 11(g) F.R.Cr.Proc. These provisions indicate that it is appropriate for the district court to determine whether the person who proffers a plea is in fact guilty in order to perform fully its duties under that rule. Neither case holds that inquiries concerning guilt are error.

Garcia further contends that he was not advised of the consequences of his plea, to-wit: the date his sentence would commence and the effect of prior convictions on his sentence or his parole or probation possibilities. Garcia was told several times that the maximum sentence was five years imprisonment, a $5,000 fine, or both.

Rule 11(c) now requires only that the judge inform a defendant of "the mandatory minimum penalty ... and the maximum possible penalty provided by law"; the court need not explain "all the consequences that may flow from conviction or from the imposition of sentence." *United States v. Caston*, 615 F.2d at 1114. The Advisory Committee Notes to the 1974 amendment to the rule indicate clearly that a judge need not inform a defendant of parole eligibility or the effect of prior convictions. Nor is such an explanation required by constitutional law. *See Johnson v. Dees*, 581 F.2d 1166 (5th Cir. 1978); *Trujillo v. United States*, 377 F.2d 266 (5th Cir.), *cert. denied*, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967). Garcia advances neither argument nor authority for the proposition that the trial judge was required to inform him of the commencement date of his sentence, and the allegation is patently devoid of merit.

AFFIRMED.