UNITED STATES of America, Plaintiff–Appellee,

v.

Curtis BALLARD, Defendant–Appellant.

No. 90–1340.

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1990.

256

I.

Curtis Ballard pled guilty to two counts of auto theft on January 25, 1990. The first count charged that Ballard had knowingly received a stolen 1987 Pontiac Trans Am; the second charged that he had knowingly obliterated the vehicle identification number on a 1988 Chevrolet Camaro Iroc. A month later, but before he had been sentenced on the auto theft charges, Ballard was involved in an unrelated automobile accident in Jacksonville, Arkansas; without benefit of counsel, he pled guilty to four misdemeanor charges and the state court imposed a fine.

The federal district court thereafter sentenced Ballard to 24 months in prison for the two counts of auto theft. It combined the two offenses under § 3D1.4 of the Federal Sentencing Guidelines, yielding an offense level of 13; it then subtracted two points because Ballard had accepted responsibility for his crimes, resulting in an offense level of 11. The district court determined that the recent Arkansas misdemeanor convictions added one point to Ballard's criminal history level, raising him from Category III to Category IV. The Guideline range for an offense level of 11 with a Category IV criminal history is 18–24 months. The court therefore sentenced Ballard to 24 months, the maximum sentence within that Guideline range.

Ballard appeals his sentence, contending that the two counts of auto theft should have been grouped under § 3D1.2 of the Guidelines, thereby yielding an offense level two points lower than that obtained by combining the counts under § 3D1.4. Moreover, he asserts that the district court erred in considering uncounselled misdemeanor convictions that occurred subsequently to his guilty plea in calculating his criminal history category.

II.

§ 3D1.2 of the Guidelines provides that closely-related counts, involving substantially the same harm, shall be "grouped together" for the purpose of calculating the offense level. § 3D1.2(d) divides offenses into three categories: those specifi-

David O. Bell, Oxford, Miss. (Court-appointed), for defendant-appellant.

Alfred E. Moreton, III, Asst. U.S. Atty., Robert O. Whitwell, U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before RUBIN, SMITH and BARKSDALE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Defendant challenges the sentence imposed on him by the district court under the Federal Sentencing Guidelines. The court refused to group the two counts of auto theft to which he pled guilty and, in calculating his criminal history category, considered state misdemeanor convictions imposed subsequent to his guilty plea but previous to his federal sentencing. Because we conclude that the district court applied the Guidelines correctly, we affirm in all respects.

cally susceptible to grouping either because the offense level is determined largely on the basis of the total amount of harm or because the offense behavior is ongoing or continuous; those specifically not subject to grouping; and those for which grouping may be appropriate on a case-by-case basis. Ballard's offenses fall within the first category. Nevertheless, the district court found that grouping was inappropriate for the two counts to which Ballard pled guilty because the two offenses involved different victims, different crimes and different amounts of aggregate harm or loss.

 In reviewing a district court's decision whether to group counts that are not specifically included or excluded under § 3D1.2(d), this court has not applied the clearly erroneous standard, but has accorded the district court's conclusions "due deference," since both legal and factual determinations are involved.[1] We have not, however, previously decided the standard of review appropriate when the underlying counts are specifically enumerated in § 3D1.2(d). Given that this issue involves a purely legal interpretation of Guidelines terminology and the application of that terminology to a particular set of facts, we follow the lead of the Fourth [2] and Eighth [3] Circuits in reviewing *de novo* the district court's decision not to group Ballard's counts.

 The Guideline Commentary to § 3D1.2 states:

[a] primary consideration in this section is whether the offenses involve different victims ... Cases involving injury to distinct victims are sufficiently comparable, whether or not the injuries are inflicted in distinct transactions, so that each such count should be treated separately rather than grouped together. In general, counts are grouped together only when they involve both the same victim ... and the same or contemporaneous transactions.[4]

Had Ballard been convicted of stealing a car and then altering the vehicle identification number of that same car, the counts would properly have been grouped.[5] The two counts to which Ballard pled guilty, however, involved two different cars, different owners, and two discrete events. Since these counts did not satisfy the primary requirement of § 3D1.2 that they involve "substantially the same harm," the district court correctly refused to group them in calculating Ballard's offense level.

### III.

 Ballard also contends that the district court should not have considered his Arkansas misdemeanor convictions in calculating his criminal history category. He argues that the trial court's consideration of misdemeanors that occurred after his guilty plea in the instant offense constitutes an "ex post facto situation." The Commentary to Guideline § 4A1.2, however, explicitly states that a "prior sentence" to be used in determining the criminal history category:

means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense ... A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.[6]

Since this Guideline section was in effect at the time Ballard committed his offenses and at the time he entered his guilty plea,

1. *United States v. Pope,* 871 F.2d 506, 509 (5th Cir.1989).

2. *United States v. Toler,* 901 F.2d 399, 402 (4th Cir.1990).

3. *United States v. Manuel,* 912 F.2d 204, 206 (8th Cir.1990).

4. Sentencing Guidelines § 3D1.2, Background Commentary; *see United States v. Toler,* 901 F.2d at 402.

5. Sentencing Guidelines § 3D1.2, Application Note 4.

6. Sentencing Guidelines, § 4A1.2, Application Note 1.

it is not retrospective within the meaning of the Ex Post Facto Clause.[7]

 Ballard also argues that it was error to consider his state misdemeanor plea because that plea was entered into without benefit of counsel to warn him of its potential effect on his federal sentencing. We have previously held to the contrary. A federal court may, in imposing sentence, consider an uncounselled state misdemeanor conviction for which the defendant did not receive a term of imprisonment.[8] The possible enhancing effect on subsequent sentences of a guilty plea—like the possible denial of good time,[9] or the imposition of a mandatory special parole term [10]—is a collateral consequence of which a defendant need not be advised.[11]

We therefore AFFIRM the sentence imposed by the district court.

---

7. *See Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).

8. *United States v. Edwards,* 911 F.2d 1031, 1035 (5th Cir.1990); *United States v. Eckford,* 910 F.2d 216 (5th Cir.1990).

9. *Johnson v. Dees,* 581 F.2d 1166, 1167 (5th Cir.1978).

10. *United States v. Timmreck,* 441 U.S. 780, 784–85, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979).

11. *United States v. Edwards,* 911 F.2d at 1035; *Wright v. United States,* 624 F.2d 557, 561 (5th Cir.1980).