[No. F025847. Fifth Dist. Mar. 23, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKY THOMAS REED, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I. A. and part II.

## COUNSEL

Howard J. Stechel, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Venturi and Alison Elle Aleman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DIBIASO, Acting P. J.**—We hold in part that a lawyer does not render constitutionally inadequate representation when he or she fails to inform the

client sua sponte about the prison sentence credit limitations in Penal Code section 2933.1 before the client pleads nolo contendere to a crime subject to such credit limitations.

On November 9, 1995, a jury found appellant Ricky Thomas Reed guilty of indecent exposure with a prior conviction for the same offense (count 2; Pen. Code, § 314, subd. 1).[1] The jury deadlocked on the charge that Reed had committed a lewd and lascivious act upon a child under the age of 14 years (count 1; § 288, subd. (a)). The court in a bifurcated proceeding found true the special allegation under count 2 that Reed had served a prior prison term within the meaning of section 667.5, subdivision (b).

On November 17, 1995, Reed withdrew his plea of not guilty to count 1 and entered a plea of nolo contendere pursuant to a negotiated disposition which provided that Reed would receive the lower term of three years in state prison for count 1 and a concurrent three-year sentence for count 2.

Thereafter, Reed moved to withdraw his plea. The motion was denied on February 28, 1996.

Reed was sentenced to a term of three years in state prison on count 1 and to a concurrent three-year term on count 2. A one-year term for the section 667.5, subdivision (b), enhancement appended to count 2 was imposed and execution was stayed.

## DISCUSSION

### I.

Section 2933.1, subdivision (a), reads as follows: "Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

A violation of section 288, subdivision (a), the offense charged in count 1 to which Reed pled nolo contendere, is listed in section 667.5. (§ 667.5, subd. (c)(6).)

Reed entered his plea to count 1 on November 17, 1995. On December 12, 1995, defense counsel secured a continuance of the sentencing hearing to give him time to research whether the 15 percent worktime credit limitation in section 2933.1 applied "both to good time and work time credits." At the

---

[1]References to code sections are to the Penal Code unless otherwise noted.

continued sentencing hearing on January 2, 1996, defense counsel stated that Reed had not been told of the 15 percent limitation at any time before he entered the plea. Counsel thus requested a further continuance of the sentencing hearing so that Reed could evaluate whether he wanted to move for permission to withdraw the plea. Counsel explained that because Reed had earned "the normal 50 percent" time and work credits during the service of the prior prison term, he had expected to earn the same 50 percent total credits on a plea based conviction for count 1. At the sentencing hearing on January 9, 1996, Reed asked to be permitted to withdraw the plea because his lawyer had not informed him of the credit limitations imposed by section 2933.1. The trial court then directed that Reed should file a motion for such relief by a specified date.

Reed thereafter obtained new counsel, who filed a plea withdrawal motion on Reed's behalf. The motion asserted that the failure by Reed's former counsel to tell him about the statutory credit limitations constituted inadequate representation. In a declaration filed in support of the motion, Reed represented he would not have pled to count 1 had he known he would be required to serve more than 50 percent of the negotiated sentence for count 1.

The trial court denied Reed's motion at a February 28, 1996, hearing. The court concluded that (1) it was the duty of the court and not the duty of defense counsel to give Reed whatever admonitions were required, and (2) the court had no obligation to inform Reed about the credit limitations before accepting the plea.

It is undisputed that, before the plea was entered, Reed did not know and was not told by the trial court or by trial counsel about the 15 percent lid on credits set forth in section 2933.1.

Reed now contends the trial court erred when it denied his motion for permission to withdraw his plea to count 1. He maintains the plea was not freely and voluntarily given because he was not advised by the trial court or his trial counsel that section 2933.1 meant he would have to serve more time in prison under the count 1 sentence than he had expected to serve.

A.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B.

■ The issue presented by Reed's assertion his counsel provided substandard representation is not whether it would have been a good idea or

_____

*See footnote, *ante*, page 593.

good practice for counsel to have alerted Reed to the strictures of section 2933.1; the issue instead is whether counsel's failure to do so violated the Sixth Amendment to the United States Constitution or article I, section 15 of the California Constitution. (*Strickland* v. *Washington* (1984) 466 U.S. 668, 687-688, 694 [104 S.Ct. 2052, 2064-2065, 2068, 80 L.Ed.2d 674] [Sixth Amendment]; *Santos* v. *Kolb* (7th Cir. 1989) 880 F.2d 941, 944-945 [same]; *People* v. *Pope* (1979) 23 Cal.3d 412, 422 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1] [both].) We have found no California cases which directly address whether an attorney's failure to advise a criminal defendant of credit limitations such as those found in section 2933.1 constitutes inadequate assistance.

The California Supreme Court has not differentiated between incompetence claims based upon the federal Constitution and incompetence claims based upon the state Constitution, and instead has consistently applied *Strickland*'s Sixth Amendment analysis to all contentions of inadequate representation raised by defendants in criminal appeals. (See, e.g., *In re Harris* (1993) 5 Cal.4th 813, 833 [21 Cal.Rptr.2d 373, 855 P.2d 391]; *People* v. *Ledesma* (1987) 43 Cal.3d 171, 216 [233 Cal.Rptr. 404, 729 P.2d 839]; see generally, 5 Witkin & Epstein, Cal. Criminal Law (2d ed., 1997 pocket supp.) Trial, § 2772, pp. 148-149.) *Strickland* applies to "ineffective-assistance claims arising out of the plea process." (*Hill* v. *Lockhart* (1985) 474 U.S. 52, 57 [106 S.Ct. 366, 370, 88 L.Ed.2d 203].)

Two predicates underlie our holding that defense counsel's failure to inform Reed about the credit limitations in section 2933.1 was not ineffective assistance: (1) an attorney's failure to inform his or her client of the collateral consequences of the client's plea does not constitute incompetent representation under the *Strickland* criteria, and (2) a defendant's lack of information about parole eligibility does not undermine the voluntariness of his or her plea because under federal law such eligibility is a collateral consequence of the plea.

1.

The federal Courts of Appeal have repeatedly held that a defense lawyer's " 'failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance.' " (*U.S.* v. *Del Rosario* (D.C. Cir. 1990) 902 F.2d 55, 58-59 [284 App.D.C. 90]; see also *U.S.* v. *Banda* (5th Cir. 1993) 1 F.3d 354, 355-356 ["Defense counsel has done all he must under the Constitution when he advises his client of the direct consequences of a guilty plea."]; *Varela* v. *Kaiser* (10th Cir. 1992) 976 F.2d 1357, 1358 [citing cases from the 2d, 4th, 7th, and 11th federal circuits]; *Santos* v. *Kolb, supra,* 880 F.2d at p. 944 [Counsel's failure to

advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance.]; *U.S.* v. *George* (7th Cir. 1989) 869 F.2d 333, 337 [deportation consequences]; *U.S.* v. *Yearwood* (4th Cir. 1988) 863 F.2d 6, 8; *United States* v. *Gavilan* (5th Cir. 1985) 761 F.2d 226, 228; *United States* v. *Campbell* (11th Cir. 1985) 778 F.2d 764, 768.)[3] This conclusion is entirely compatible with the command of *Brady* v. *United States* (1970) 397 U.S. 742, 755 [90 S.Ct. 1463, 1472, 25 L.Ed.2d 747], that a criminal defendant be " ' "fully aware of the direct consequences" ' " of a plea which will result in a conviction; by "using the word ' "direct" [the United States Supreme Court] excluded collateral consequences' " as a factor in the determination about the voluntary nature of a plea. (*U.S.* v. *Del Rosario, supra,* 902 F.2d at p. 59; see also *U.S.* v. *Banda, supra,* 1 F.3d at p. 355.) Thus, a criminal defendant's "actual knowledge of consequences which are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea." (*U.S.* v. *George, supra,* 869 F.2d at p. 337.)[4]

2.

We have not found any federal case law which applies *Strickland* to the specific situation where a defense counsel did not tell the defendant about relevant federal or state statutory limitations on the credits that might otherwise be earned during a term of incarceration imposed as a result of a plea. However, the opinions are plentiful which hold there exists no federal requirement, constitutional or otherwise, that a defendant be admonished *by the trial court* about parole eligibility factors as a condition of a valid guilty plea. (See *U.S.* v. *Roberts* (9th Cir. 1993) 5 F.3d 365, 368; *Worthen* v. *Meachum* (10th Cir. 1988) 842 F.2d 1179, 1182; *Fama* v. *U.S.* (2d Cir. 1990) 901 F.2d 1175, 1178; *U.S.* v. *Ballard* (5th Cir. 1990) 919 F.2d 255, 258; *Johnson* v. *Puckett* (5th Cir. 1991) 930 F.2d 445, 448, fn. 2; *Holmes* v. *U.S.* (11th Cir. 1989) 876 F.2d 1545, 1548-1549; *U.S.* v. *Sanclemente-Bejarano* (9th Cir. 1988) 861 F.2d 206, 208-209; *United States* v. *Garcia* (5th Cir. 1981) 636 F.2d 122, 123; *Johnson* v. *United States* (1st Cir. 1981) 650 F.2d 1, 4; *Hunter* v. *Fogg* (2d Cir. 1980) 616 F.2d 55, 61; *Johnson* v. *Dees* (5th Cir. 1978) 581 F.2d 1166, 1167.) These authorities are significant for our purposes because they are founded upon the notion that "parole eligibility is a collateral rather than a direct consequence of a guilty plea." (*Holmes* v. *U.S. supra,* 876 F.2d at p. 1549; see also *Johnson* v. *Dees, supra,* 581 F.2d at

---

[3]Reed's nolo contendere plea was equivalent to a guilty plea. (§ 1016, subd. 3.)

[4]Interestingly, some federal cases condition an order permitting a defendant to withdraw a plea on the ground of incompetent representation upon a "specific explanation [by the defendant] of why [he] alleges he would have gone to trial" were it not for his counsel's deficient performance. (*Santos* v. *Kolb, supra,* 880 F.2d at p. 943.)

p. 1167 [failure of the court to inform defendant that he could be denied "good time" credit against the sentence imposed as a result of a plea].)[5]

Prior to the 1974 amendments to rule 11 of the Federal Rules of Criminal Procedure (18 U.S.C.), which identifies the admonitions required to be given to defendants in plea proceedings in federal district courts, the positions of the federal courts on the subject were not uniform; the federal circuit courts disagreed about whether the district courts were required to inform a defendant of his or her parole eligibility under the possible sentences which could follow a guilty plea.[6] (Compare *Durant* v. *United States* (1st Cir. 1969) 410 F.2d 689, 691-692 with *Trujillo* v. *United States* (5th Cir. 1967) 377 F.2d

---

[5]To the extent it rests upon the Sixth Amendment, *People* v. *Tabucchi* (1976) 64 Cal.App.3d 133, 143 [134 Cal.Rptr. 245], which addresses the trial court's duty to inform a defendant about statutory credit limitations, appears to be at odds with this line of federal authorities. To the extent *Tabucchi* relies upon the state Constitution, it may also be incongruent with the holdings of the California Supreme Court that advisement by the trial court of the consequences of a plea, other than the admonitions pertaining to the defendant's federal constitutional rights, are not "constitutionally mandated." (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1022 [1 Cal.Rptr.2d 902, 819 P.2d 861].) On the other hand, our determination in *People* v. *Cortez* (1997) 55 Cal.App.4th 426, 431 [64 Cal.Rptr.2d 71], that the credit limitation found in section 667, subdivision (c)(5), is not a direct consequence of the defendant's guilty plea, and therefore is not a subject the trial court must address in its admonishments to the defendant, appears to be consistent with the comparable federal cases.

[6]Rule 11 of the Federal Rules of Criminal Procedure (18 U.S.C.) currently provides in relevant part:

"(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

"(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; and

"(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and

"(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self- incrimination; and

"(4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and

"(5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

"(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining

266, 267-269.) However, rule 11 was rewritten in 1974, in part to overturn the holdings in the published decisions obligating the district courts to inform defendants about parole eligibility conditions before taking a plea. (*U.S.* v. *Sanclemente-Bejarano, supra,* 861 F.2d at p. 208.) Since the 1974 amendments to rule 11, no circuit court "that has addressed the question" has required the federal trial courts to give to the defendant a preplea explanation about parole eligibility. (*Id.* at p. 209.) The comments of one federal court of appeal are typical: "We see no reason to believe that compliance with Rule 11 risks the entry of unconstitutional guilty pleas simply because that Rule dispenses with any requirement that defendants be informed of the minimum time they might have to serve. [¶] . . . Therefore, whether parole is not possible until at least one year has been served, or might not be possible until as much as one-third of the sentence imposed has been served, or is never possible because of parole ineligibility are all possibilities that might usefully be told to a defendant but are not required to be told, either by Rule 11 [of the Federal Rules of Criminal Procedure] or the Constitution." (*Hunter* v. *Fogg, supra,* 616 F.2d at pp. 60-61, fn. omitted.)

The United States Supreme Court has itself noted it has "never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea . . . to be voluntary"; such a "constitutional requirement would be inconsistent with the current rules of procedure [Fed. Rule Crim. Proc., rule 11] governing the entry of guilty pleas in the federal courts." (*Hill* v *Lockhart, supra,* 474 U.S. at p. 56 [106 S.Ct. at p. 369]; see also *People* v. *Huynh* (1991) 229 Cal.App.3d 1067, 1082 [281 Cal.Rptr. 785].) *Hill* "[makes] clear that a trial court's failure to inform the defendant of his parole eligibility is not a basis for invalidating a guilty plea on voluntariness grounds." (*Holmes* v. *U.S., supra,* 876 F.2d at p. 1548.)

Because federal defendants need not be informed by the federal trial courts of applicable parole eligibility matters, the federal appellate courts have not required such information be given to defendants in state criminal proceedings. " 'When a guilty plea is taken by a state judge, we cannot apply to him as a matter of federal constitutional law a higher standard than we apply to a federal district judge performing the same function.' " (*Hunter* v. *Fogg, supra,* 616 F.2d at p. 61 [the constitutional requirements imposed with

---

that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.

" . . . . . . . . . . . . . . . . . . . . . . . .

"(h) Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."

respect to a state court guilty plea do not include informing the defendant of the minimum portion of the sentence he or she may be required to serve].)

### 3.

Taken together, the federal authorities cases lead us to conclude that Reed did not receive constitutionally inadequate representation by reason of his lawyer's neglect to tell him about the credit limitations in section 2933.1. If a defense counsel's failure to inform his or her client about consequences collateral to a plea is not violative of the right to competent representation within the purview of *Strickland,* and if under federal law the factors which impact upon a defendant's parole eligibility are deemed to be collateral to the plea, it would seem to follow that a defense counsel's omission to inform a defendant about the limitations on parole eligibility found in section 2933.1 is not ineffective assistance under the federal constitutional criteria articulated in *Strickland.* We are satisfied the federal appellate courts (including the United States Supreme Court), if faced with an issue akin to the one we address here, would not find insufficient representation under *Strickland.* We perceive no reason why the result of the application of the *Strickland* principles should be different when the defendant's plea is taken by a California Superior Court judge rather than by a United States District Court judge. (Cf. *Hunter* v. *Fogg, supra,* 616 F.2d at p. 61.)

We do not mean to say that a defense counsel's affirmative misrepresentation in response to a specific inquiry from the defendant about parole eligibility may never constitute ineffective assistance. (See *United States* v. *Campbell, supra,* 778 F.2d at pp. 768-769.) We simply have no need to consider this subject. Reed makes no such claim here, and the record contains no evidence to support a finding that Reed's trial counsel misrepresented the provisions of section 2933.1, in response to a question by Reed or otherwise.

### 4.

Two related subjects deserve mention. First, in *In re Yurko* (1974) 10 Cal.3d 857, 864 [112 Cal.Rptr. 513, 519 P.2d 561], the California Supreme Court imposed a "judicially declared rule of criminal procedure" upon the trial court to advise the defendant, before accepting the defendant's admission of a prior conviction, about "the effect of any increased term or terms of imprisonment on the accused's eligibility for parole" which may result from the admission. We are unaware of any explicit holding that this directive covers credit limitations statutes such as section 2933.1 and applies equally to guilty or nolo contendere pleas to the charged crime itself. However,

*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 604-605 [119 Cal.Rptr. 302, 531 P.2d 1086], might be read as fastening such a *Yurko* duty upon the trial court under the rationale that an increased term of imprisonment is a direct consequence of a plea-based conviction of an offense which carries parole eligibility implications.

We come to no conclusion on the subject and persist in our determination that Reed's counsel was not incompetent by virtue of his failure to inform Reed about section 2933.1. We are concerned in this portion of our opinion with the constitutional sufficiency of the performance of counsel, not the procedural sufficiency of the performance of the trial court. The competence of Reed's counsel must be evaluated under the *Strickland* standards, which is what we believe we have done. Moreover, if there is any conceptual inconsistency between our holding and an interpretation of *Bunnell* which would have required the trial court to tell Reed about section 2933.1 because it was a direct consequence of his plea, we do not find a need to discuss the problem here. In the unpublished portion of this opinion we applied by analogy the reasoning and result of *People* v. *Cortez* (1997) 55 Cal.App.4th 426, 431 [64 Cal.Rptr.2d 71], to hold that the trial court had no *Bunnell* duty to advise Reed about the limitations in section 2933.1. Within the bounds of this opinion, therefore, the possible incongruity is not present.

Second, there are extant California cases which have found inadequate representation where defense counsel's advice about the ramifications of a plea was in some way defective. (See, e.g., *People* v. *Huynh, supra,* 229 Cal.App.3d at p. 1083; *People* v. *Soriano* (1987) 194 Cal.App.3d 1470, 1482 [240 Cal.Rptr. 328, 65 A.L.R.4th 705].) In *Huynh,* counsel misadvised the defendant about the minimum term of incarceration the defendant would be required to serve before becoming eligible for parole. (*Huynh, supra,* 229 Cal.App.3d at pp. 1080-1081.) In *Soriano,* counsel inadequately informed the defendant about the deportation consequences of the plea. (*People* v. *Soriano, supra,* 194 Cal.App.3d at p. 1482.) Neither *Hyunh* nor *Soriano* dealt with a defense counsel's complete failure to tell the defendant about a particular plea effect, the situation here, and thus we do not consider these opinions to be apposite. (See *United States* v. *Campbell, supra,* 778 F.2d at pp. 768-769.) To the extent either opinion may be read to insinuate a holding at odds with ours under the facts of this case, we elect not to follow it.[7]

---

[7]For example, the opinion in *Huynh* includes the following statement: "We cannot imagine a case where a defendant should not be informed by defense counsel not only about the probabilities of conviction of the charged offenses, but also about the likely amount of incarceration, if any, following conviction. Integral to this advice would be an estimate of the probable minimum term before parole eligibility." (*People* v. *Huynh, supra,* 229 Cal.App.3d at p. 1083.)

II.*

DISPOSITION

The judgment is affirmed.

Vartabedian, J., and Buckley, J., concurred.

A petition for a rehearing was denied April 15, 1998, and appellant's petition for review by the Supreme Court was denied July 8, 1998.

---

*See footnote, *ante*, page 593.