Filed 3/27/13  P. v. Gonzalez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALEXIS GONZALEZ,<br><br>        Defendant and Appellant. | A135200<br><br>(Napa County<br>Super. Ct. No. CR158416) |

Pursuant to a negotiated disposition, appellant and defendant Alexis Gonzalez pleaded no contest to one felony charge and several misdemeanor charges.  At sentencing, an issue arose as to whether defendant was entitled to custody credits because he was also in violation of his parole in another case, not only because of the new charges but for unrelated reasons, as well.  Defense counsel, telling the court she had advised defendant he would receive 177 days of custody credit in the instant case, made an oral motion to withdraw the plea and also asked for a continuance to research whether a writ petition was warranted or whether defendant should file a formal motion to withdraw his plea.  The court denied both requests and proceeded with sentencing, denying custody credits.  On appeal, defendant does not contend he should have received custody credits.  Rather, he contends only that the trial court abused its discretion in denying his request for a continuance and that he received ineffective assistance of counsel (IAC).  The only relief defendant seeks on appeal is a remand allowing him to move to withdraw his plea.

1

We affirm the judgment, concluding in part that defendant's IAC claim is not properly advanced on direct appeal.

**BACKGROUND**

The facts giving rise to the charges against defendant are not relevant to the issues on appeal and we, therefore, do not recite them. On October 4, 2011, the Napa County District Attorney charged defendant with felony evading an officer (Veh. Code, § 2800.2, subd. (a), count 1), misdemeanor hit-and-run driving (Veh. Code, § 20002, subd. (a), count 2), misdemeanor driving while license was revoked or suspended (Veh. Code, § 14601.1, subd. (a), count 3), and an infraction possession of less than 28.5 grams of marijuana (Health & Safety Code, § 11357, subd. (b), count 4). The information further alleged defendant had suffered a prior felony conviction that resulted in a prison sentence (Pen. Code, § 667.5, subd. (b)).

On January 17, 2012, defendant executed a written change of plea form. The form set forth the terms of the proposed disposition as follows: Defendant would plead no contest to counts 1, 2 and 3 as charged, would be sentenced to 16 months in state prison, and would waive his rights to appeal. The prosecution, in turn, would move to dismiss the remaining count and the special enhancement allegation. Defendant initialed all pertinent provisions of the form, including the advisement of the rights he was waiving, evidencing that he read and understood them. He further averred no other promises had been made to him and understood that if the court refused to follow the terms of plea bargain as stated, he would be allowed to withdraw his guilty plea. The trial court asked defendant if he had any questions about the plea form, and he said, "No." The court also asked if he had had adequate time to discuss the negotiated disposition with his attorney, and he said, "Yes." The court thereupon took his no contest pleas and found there was a factual basis for them. With defendant's consent, the court continued the matter for sentencing.

2

The matter came on for sentencing on February 24, 2012. The probation officer's presentencing report, which had been received by the court on February 17, stated defendant was not entitled to custody credits "as he is a sentenced prisoner (on his parole violation in #AC5018)." As "Collateral Information," the report stated: "On September 27, 2011 [less than four months before his change of plea in the instant case], the defendant entered into an option waiver for the following violations of parole: Evading a peace officer, property hit/run, possession of marijuana-more than one ounce, absconding parole supervision, and possession of a firearm. The waiver was entered for 12 months 'I' time, meaning he is 'ineligible' for half time and must serve all 12 months."

The trial court asked the prosecutor and defense counsel for their comments on the report. The prosecutor stated the "report looks correct." Defense counsel stated, "I don't believe the time credits are correct, because [defendant] is not a sentenced prisoner. He entered an optional waiver." The prosecutor disagreed, citing *People v. Shabazz* (2003) 107 Cal.App.4th 1255 (*Shabazz*). The court passed the matter so it and defense counsel could review the case.

When the case was recalled, the prosecutor pointed out defendant's parole violation had included matters unrelated to the charges to which he had pled in the instant case, namely absconding parole supervision and possession of a firearm. He therefore was not entitled to custody credits in the present action.

Defense counsel argued *Shabazz* involved a different factual situation and was not on point. Defense counsel further stated that if the court did not agree, counsel would ask for a continuance or make an oral motion to withdraw the pleas "because [counsel] did advise [defendant] that he would be entitled to those time credits" and he "was under the impression he would be getting time credits for the time he was in."

The prosecution responded that *Shabazz* was on point (as was *People v. Bruner* (1995) 9 Cal.4th 1178) and the firearm violation was "a totally separate offense" that was

3

"committed at a separate time" and out of county.  Furthermore, the booking record showed defendant was, in fact, booked on both the new offenses and the parole violation on September 1.

The court asked whether the credit issue was "discussed by the parties at all prior to the plea."  Both lawyers replied, "No."

The court ruled that under *Shabazz*, defendant was not entitled to custody credits. It further ruled that while it believed it had discretion to run the sentence concurrently with the parole violation, it would decline to do so.  It then entertained defendant's oral motion to withdraw his pleas.  Defense counsel asserted she had provided ineffective assistance of counsel because she had "advised him that he would be getting the time credits" and defendant therefore had not "knowingly and intelligently" entered his pleas "because he was under the impression that he would be doing 16 months, credit the 177 days."  The prosecution opposed the motion on the ground the plea agreement had set forth all the promises made to defendant, and the issue of credits was "collateral to a plea" and therefore not grounds to continue sentencing.  Defense counsel responded by asking for a continuance to research whether "we have grounds to file a Writ and formal Motion to Withdraw Plea."

The trial court first denied the request for continuance and then the motion to withdraw the plea, and proceeded to pronounce sentence in accordance with the terms of the negotiated disposition.  On April 3, 2012, the court granted defendant's request for a certificate of probable cause on the issues of defendant's entitlement to custody credits, the denial of his oral motions to continue and to withdraw his pleas and whether counsel provided ineffective assistance rendering his pleas invalid.

## DISCUSSION

### *Motion to Continue*

A motion to continue is committed to the sound discretion of the court.  (*People v. Mungia* (2008) 44 Cal.4th 1101, 1118.)  The trial court here did not abuse its discretion in

4

denying defendant's request for a continuance so counsel could research whether there were grounds to file a writ petition or to make a formal written motion to withdraw his plea. The court was fully apprised as to the basis of defendant's position as to custody credits, which was defendant's one and only issue in connection with sentencing and his plea deal. Accordingly, the court could reasonably conclude no purpose would be served by continuing the matter to further address that issue.

Defendant contends the request for a continuance should have been granted "to allow substitute counsel to be obtained to prepare the motion to withdraw the plea based on counsel's admitted ineffectiveness." In the trial court, however, defendant never made a request for additional time to retain new counsel. Rather, his counsel asked for a continuance specifically to do research on whether there were grounds for a writ petition or a formal, written motion to withdraw the plea. Defendant has therefore waived any claim of abuse of discretion for failing to give him time to obtain new counsel. Furthermore, to the extent defendant is suggesting he would have been entitled to appointed "substitute counsel" on the grounds of IAC, he is in error. (See *People v. Sanchez* (2011) 53 Cal.4th 80, 90 [specifically disapproving practice of appointing substitute or conflict counsel to prepare motion to withdraw plea on IAC grounds].)

***Ineffective Assistance of Counsel***

The Attorney General contends defendant's IAC claim may be readily dealt with because California courts "have held that mistaken advice provided by the defense counsel regarding custody credits does not support" an IAC claim. Citing *People v. Barella* (1999) 20 Cal.4th 261, 271 (*Barella*), and *People v. Reed* (1998) 62 Cal.App.4th 593 (*Reed*), the Attorney General asserts these two cases "hold that incorrect advice regarding credits does not result in a reversal based on ineffective assistance of counsel." We are dismayed by this misstatement of the "holdings" of these cases. Neither holds that "incorrect advice" about credits cannot support an IAC claim. Moreover, *Reed* suggests an IAC claim may be based on an affirmative misrepresentation about credits.

5

In *Barella*, the Supreme Court held "that a defendant is not entitled to withdraw or set aside a guilty plea on the ground that the *trial court*, in accepting the plea, *failed to advise* the defendant of a limit on good-time or work-time credits available to the defendant." (*Barella, supra*, 20 Cal.4th at p. 272, italics added.) The court then moved on to defendant's IAC claim, which the Court of Appeal had entertained and decided in his favor, resulting in the setting aside of his plea on appeal. (*Ibid.*) The Supreme Court reversed on the ground the IAC claim should not have been considered on direct appeal. "Because the record on appeal does not definitively establish whether or not counsel so advised defendant (beyond defendant's bare assertion that he did not), or whether if defendant had been so advised, he in fact would not have entered into the apparently favorable plea agreement . . . , defendant's claim of ineffective assistance of counsel should be resolved in a habeas corpus proceeding rather than on appeal." (*Ibid.*)

In *Reed*, the Court of Appeal did, in fact, address the merits of an IAC claim. But what the court held was that the *failure to advise* the defendant there was a "15 percent worktime credit limitation in [Penal Code] section 2933.1" did not constitute "constitutionally inadequate representation." (*Reed, supra*, 62 Cal.App.4th at pp. 595, 601.) The court went on to state, "We do not mean to say that a defense counsel's *affirmative misrepresentation* in response to a specific inquiry from the defendant about parole eligibility may never constitute ineffective assistance. [Citation.] We simply have no need to consider this subject. [The defendant] makes no such claim here, and the record contains no evidence to support a finding that [his] trial counsel misrepresented the provisions of [Penal Code] section 2933.1, in response to a question by [him] or otherwise." (*Id.* at p. 601, italics added.) The court also distinguished cases where counsel had affirmatively misadvised their clients. (*Id.* at p. 602 [neither case "dealt with a defense counsel's complete failure to tell the defendant about a particular plea effect"].)

We note that in *In re Resendiz* (2001) 25 Cal.4th 230, 247, the Supreme Court expressly distinguished *Reed* on the ground that case "did not involve allegations of

6

affirmative misrepresentation in response to a specific inquiry from the defendant. Indeed, the Court of Appeal in *Reed* expressly held open the possibility such misrepresentation might constitute ineffective assistance of counsel." (*In re Resendiz*, at p. 247.)

In short, were this a case in which defense counsel *failed to advise* defendant about custody credits, we would agree, as held in *Reed,* that he has no viable IAC claim. However, that is not the case here, as the record clearly contains evidence counsel affirmatively misadvised defendant about custody credits. The record is otherwise quite incomplete, however, as to whether defendant actually has a viable IAC claim. We therefore conclude, following *Barella,* that "defendant's claim of ineffective assistance of counsel should be resolved in a habeas corpus proceeding rather than on appeal." (*Barella, supra*, 20 Cal.4th at p. 272.)

## DISPOSITION

The judgment is affirmed.

 

 

_____

Banke, J.

 

We concur:

 

_____

Margulies, Acting P. J.

 

_____

Dondero, J.

7