Filed 12/29/14  P. v. Murray CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY MAURICE MURRAY,<br><br>    Defendant and Appellant. | 2d Crim. No. B257261<br>(Super. Ct. No. SA054078)<br>(Los Angeles County) |

Gary Maurice Murray appeals from a June 2, 2014 order denying his post-judgment motion to strike a 1989 robbery conviction that was used to enhance his Three Strikes, 110-year state prison sentence in 2005.  (Pen. Code, § 211.)[1]  In 2005, appellant was sentenced to four consecutive 25-to-life terms plus ten years after a jury convicted him of four counts of robbery and the trial court found appellant had suffered prior strike and prior serious felony convictions.  (§§667, subds. (b) -(i); 1170.12, subds. (a) -(d); 667, subd. (a)(1).)  We affirmed the judgment in 2006 in an unpublished opinion.  (B185620.)

Between 2007 and 2013, appellant filed petitions for habeas corpus, mandate, and prohibition, which were denied by this court.  (B204447; B217299; B237297; B252839.)

---

[1] All statutory references are to the Penal Code.

In 2013, appellant filed a habeas petition in the Los Angeles County Superior Court alleging that his Three Strikes sentence was imposed without "informed discretion" and alleging that his prospects for rehabilitation were good. The superior court denied the petition on October 29, 2013.

On May 29, 2014, appellant filed a post-judgment motion to strike his prior strike conviction on the ground that his *Boykin/Tahl* rights *(Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274]; *In re Tahl* (1969) 1 Cal.3d 122) were violated when he pled guilty in 1989 to robbery in case number A593689. Appellant alleged that he was denied the right to testify at his 2005 trial and that erroneous evidence was received regarding the 1989 prior conviction. The post-judgment motion to strike the prior conviction was denied by the Los Angeles County Superior Court on June 2, 2014. Appellant appealed.

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On September 15, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On September 15, 2014 and September 22, 2014, appellant filed supplemental letter briefs stating that his *Boykin/Tahl* rights were violated when he pled guilty to robbery in 1989.

The record reflects that on July 19, 1989, appellant appeared with counsel in case number A593689, was advised on his *Boykin/Tahl* rights, and freely and voluntarily waived those rights when he pled guilty to robbery. It is settled that a defendant need not be advised of the possibility of enhanced punishment in the event of a future conviction because it is a collateral rather than a direct consequence of the conviction. (*People v. Gurule* (2002) 28 Cal.4th 557, 634; *People v. Bernal* (1994) 22 Cal.App.4th 1455, 1457.) Nor is a criminal defendant's actual knowledge of the collateral consequences of his or her plea a prerequisite to a knowing and intelligent plea. (*People v. Reed* (1998) 62 Cal.App.4th 593, 598.)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


                                        YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Mark E. windham, Judge

Superior Court County of Los Angeles

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

No appearance for Respondent