Filed 11/17/15  P. v. Estrada CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES DANIEL ESTRADA,<br><br>    Defendant and Appellant. | H042085<br>(Santa Clara County<br>Super. Ct. No. C1371792) |

On October 24, 2014, defendant James Daniel Estrada pleaded no contest to one count of assault by means of force likely to cause great bodily injury.  (Pen. Code, § 245, subd. (a)(4), count 1.)[1]  Defendant admitted that he had committed the offense for the benefit of a criminal street gang.  (§ 186.22, subd. (b)(1)(A).)  Before defendant entered his plea and admission, the court indicated that it would sentence defendant to one year in state prison with this term running consecutive to a prison term that defendant was facing in another case—case No. 212370.

On January 22, 2015, the court denied probation and imposed the indicated sentence of one year consecutive to defendant's case No. 212370.  The court struck the punishment for the gang enhancement.  The court imposed various fines and fees, but did not award defendant any presentence custody credits.

Defendant's counsel filed a notice of appeal on January 27, 2015.  Counsel requested a certificate of probable cause based on the court's denying defendant's request

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

at the sentencing hearing to withdraw his plea. The court denied the request for a certificate of probable cause. Thereafter, on February 26, 2015, counsel filed an amended notice of appeal "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

Defendant's appointed counsel has filed an opening brief in which no issues are raised. Counsel asks this court to conduct an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436. Counsel has declared that defendant was notified that he could file a supplemental brief with this court.

On July 15, 2015, by letter, we notified defendant of his right to submit written argument on his own behalf within 30 days. Ultimately, on October 5, 2015, defendant filed a large letter brief (approximately 42 pages in length). We glean from the letter brief that defendant is complaining that he was not informed on the record that his custody credits would be limited to 15 percent pursuant to section 2933.1.[2]

*Facts and Proceedings Below*

On December 24, 2013, the Santa Clara County District Attorney charged defendant with one count of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4), count 1), one count of participating in a criminal street gang (§ 186.22, subd. (a), count 2) and resisting, delaying or obstructing an officer (§ 148, subd. (a)(1), count 3. As to count 1, the complaint contained an allegation that defendant committed the offense for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(A).)

Defendant made a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d. 118), which after hearing the court denied.

---

[2] In the majority of his letter brief defendant complains about things that happened in the incident underlying this case. There are no details in the record concerning the facts of the underlying case. This is because there was no preliminary hearing and counsel waived referral to probation. Accordingly, we have no record against which to judge defendant's claims.

Subsequently, as noted, defendant pleaded no contest to count 1 and admitted the gang enhancement. The prosecutor indicated that he would be willing to dismiss counts 2 and 3 at the time of sentencing.

Defendant executed an "Advisement of Rights, Waiver, and Plea Form" in which defendant acknowledged that he was pleading to a strike. The court explained to defendant that count 1 with a gang enhancement was a strike. Defendant asked the court if he would "be leaving with two strikes"—one in his "original case" and then one in this case. The court confirmed that he would have one strike for this case, but could not comment on his other case as the other case was not before the court. Defendant responded, "All right. Thank you." Before defendant entered his plea, the court confirmed with defendant that he had read and understood the waiver form, that he had initialed and signed the form, and that he understood all the rights as described in the form. Defendant waived his rights. Further, defendant confirmed that he understood the consequences of his plea. The court asked defendant if he had any additional questions. Defendant confirmed that he did not. Thereafter, defendant entered his no contest plea.

Before sentencing, defendant moved to withdraw his plea on the ground that he did not understand that by admitting the gang enhancement attached to count 1 he would have a strike conviction. At the hearing on defendant's motion, the court found that defendant's assertion that he did not understand that admitting the gang enhancement in the case would mean that he was admitting a strike lacked "credibility." Accordingly, the court denied defendant's motion. The court went on to sentence defendant as outlined *ante*.

Upon our independent review of the record, including the transcript of a *Marsden* hearing, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. The fines and fees imposed are supported by the law and the facts. Defendant received a legally authorized sentence. The denial of custody credits on defendant's consecutive sentence was correct. (§ 2900.5, subdivision (b), [credit shall be

3

given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed].)  Defendant was in custody on at least two different cases and the court imposed a consecutive sentence in this case.

Finally, as to defendant's contention that he was not informed on the record that his custody credits would be limited to 15 percent pursuant to section 2933.1, we note that we have reviewed the record to determine whether defendant's plea was constitutionally invalid due to the court's failure to advise him that his presentence conduct credits would be limited to 15 percent of his time in local custody.  The statutory limitation on the amount of presentence custody credits a defendant may earn has been deemed a collateral consequence of a guilty plea, not affected by the court's or counsel's failure to admonish the defendant.  (*People v. Moore* (1998) 69 Cal.App.4th 626, 630; see also *People v. Reed* (1998) 62 Cal.App. 4th 593, 597-601.)  Therefore, the court's failure to advise defendant that his presentence custody credits would be limited by the provisions of section 2933.1 does not affect the voluntariness of defendant's plea.

*Disposition*

The judgment is affirmed.

4

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

MIHARA, J.



*The People v. Estrada*
H042085